UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COACH, INC. and COACH SERVICES, INC.,

      Plaintiffs,

 v.

YOUNES CORPORATION, INC., HASAN Z. YOUNES, and JOHN DOES (1-10)

Case No. 11-11559
Honorable Julian Abele Cook, Jr.

      Defendants.

## ORDER

The controversy in this litigation relates to an accusation by the Plaintiffs, Coach, Inc. and Coach Services, Inc. (collectively referred to as "Coach") that the Defendants, Younes Corporation, Inc ("Younes Corp."), Hasan Z.Younes, and John Does (1-10), infringed upon their mark that is associated with the COACH brand. Coach alleges that the Defendants are liable for (1) trademark counterfeiting, (2) trademark infringement, (3) trade dress infringement, (4) false designation of origin and false advertising, (5) trademark dilution, (6) copyright infringement, (7) violation of the Michigan Consumer Protection Act, (8) common law copyright infringement, (9) common law unfair competition, (10) unjust enrichment, and (11) piercing the corporate veil. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and over the state law claims pursuant to 28 U.S.C. § 1367.

Currently before this Court is the motion for partial summary judgment that has been filed by the Defendant, Hasan Z. Younes ("Younes"), pursuant to Fed. R. Civ. P. 56.

1

I.

The movant owns and operates several gasoline service stations, all of which operate under the corporate entity, Younes Corp.[1] One of these gasoline service stations (hereinafter identified as the "Citgo station") is located at 13601 W. McNichols St. in Detroit, Michigan, is was managed by Younes' brother-in-law, Mohamed Mallah ("Mallah"). According to the complaint, Mallah allegedly purchased and sold counterfeit Coach handbags during a five-month period between December 2010 and April 2011. Younes denies any liability or responsibility for any such claimed illegal purchases and sales, asserting initially that he had no knowledge of the initial purchase and sale of the counterfeit handbags. However, Younes subsequently acknowledged having acquired a later awareness that these handbags were being sold at the Citgo station without his knowledge of the origin or the legitimacy of the merchandise. Younes ceased the sale of the counterfeit handbags in April 2011, shortly after the filing of this lawsuit, and maintains that Mallah returned the unsold handbags to the vendor.

II.

The purpose of the summary judgment rule, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620

---

[1] Younes serves as the sole officer, director, and shareholder of Younes Corp.

F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *See also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

III.

3

In pursuit of his quest for the entry of a partial summary judgment, Younes seeks relief from all of Coach's claims under the Lanham Act, 15 U.S.C. §§ 1114 et seq. Initially, both parties have noted that corporate officers can be held personally liable under this statute in those instances where the "corporate officer personally takes part in the infringing activity or directs others to do so." *Days Inn Worldwide, Inc. v. Adrian Motel Co.*, No. 07-13523, 2009 WL 3199882, at * 11-12 (E.D. Mich., Sept. 30, 2009) (citing *Two Men & a Truck/Int'l, Inc. v. Two Men & a Truck/Kalamazoo*, No. 5:94-CV- 162, 1995 WL 549278, at *4 (W.D. Mich. July 24, 1965)); *See Donsco, Inc. v. Caspar Corp.*, 587 F.2d 602, 606 (3d Cir. 1978) ( individual is personally liable for trademark infringement if he willfully or intentionally participated in or directed the corporation to infringe); *Hair Assocs. v. Nat'l Replacement Srvs.*, 987 F. Supp. 569, 590-91 (W.D. Mich. 1997) (corporate officer may be subject to joint and several liability for trademark infringement with corporation if he was an active participant in infringing activity). Furthermore, "a lack of participation in the infringement will not insulate a corporate officer from liability where he had the 'right and ability to supervise the infringing activity and also had a direct financial interest in such activities.'" *Days Inn Worldwide, Inc.*, 2009 WL 3199882, at * 12 (quoting *L & L While Metal Casting Corp. v. Cornell Metal Specialties Corp.*, 353 F. Supp. 1170, 1175 (E.D.N.Y. 1972)). As such, "it is enough for the[] purpose[] [of the Lanham Act] that the defendant failed to inquire further because he was afraid of what the inquiry would yield. Willful blindness is knowledge enough." *Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 590 (7th Cir. 1989).

In the present case, Younes states in his affidavit that he neither directly nor indirectly participated in, or had knowledge of, the alleged trademark infringement activity. However, Coach argues that Younes - as the owner, sole shareholder, and director of the Younes Corp.- had a legal

4

obligation as the Citgo station owner to have undertaken a reasonable inquiry into the presence and purpose of this atypical merchandise once he became aware of their sales based on his brief inspection of the handbags and their unusual placement in the context of a gasoline service station business. He cannot turn a blind legal eye to the obvious. Thus, Younes' acknowledged awareness of the presence of the alleged contraband handbags at the station, creates a genuine issue of a material fact in this controversy as to his credibility as it relates to his knowledge and participation in the sale of the handbags. Therefore, this Court denies Younes' request for an entry of summary judgment in his favor regarding his personal liability for the trademark infringement claims.

Younes also recognizes and acknowledges that a corporate officer or director may be individually liable for his involvement in acts of unfair competition and, as such, cannot be shielded by the corporation shield. *Donsco, Inc.*, 587 F.2d at 606. Specifically, a corporate officer may be personally liable for unfair competition where "an individual personally takes part in infringing activities or specifically directs the infringer's employees to do so." *Sara Lee Corp. v. Am. Leather Prods., Inc.*, No. 97-C-4158, 1998 WL 433764, at *19 (N.D. Ill. July 29, 1998). Based on the evidence and reasoning set forth above, this Court finds that Younes' position as the owner of the Citgo station and his position of authority over Mallah who directed the day-to-day management of the store, there is a genuine issue of a material fact with regard to the believability of Younes' denial in his affidavit as it pertains to his knowledge and participation in the sale of the purported counterfeit handbags that a jury should consider. Therefore, this Court denies Younes' request for the entry of a summary judgment in his favor as it relates to his personal liability for the unfair competition claims.

The ability of a plaintiff to pierce the corporate veil is governed by the laws of the state of

Michigan as determined by the Michigan Supreme Court. *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co.*, 475 F. 3d 783, 798 (6th Cir. 2007); *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th Cir. 2003). Michigan law supports the presumption of respecting the corporate form. *Seasworld v. Hilti*, 449 Mich. 542, 537 (1995) (citing *Herman v. Mobile Homes Corp.*, 317 Mich. 233 (1947)); *See also Dep't of Consumer Indus. Servs. v. Shah*, 236 Mich.App. 381, 393 (1999) (single shareholder corporations are generally regarded as legally distinct from individuals). As such, piercing the corporate veil is appropriate "only where an otherwise separate corporate existence has been used to 'subvert justice or cause a result that [is] contrary to some overriding public policy.'" *Seasworld*, 449 Mich. at 798; *See Dep't of Consumer Indus. Servs.*, 236 Mich.App. at 393 (court may pierce corporate veil and look beyond legal entity when necessary to correct fraud, illegality, or injustice under equitable principles).

To pierce the corporate veil, the plaintiff must show that (1) the corporate entity was a mere instrumentality of another entity or individual, (2) the corporate entity was used to commit a fraud or a wrong, and (3) the plaintiff suffered an unjust loss. *Foodland Distribs., Inc. v. Al-Naimi*, 220 Mich.App. 453, 457 (1996) (citing *SDC Chem. Distribs., Inc. v. Medley*, 203 Mich.App. 374, 381 (1994)). The law in Michigan does not require an aggrieved party to demonstrate a showing of fraud or illegality as a prerequisite to pierce the corporate veil, and individual liability may be imposed for less egregious and unjustified use of the corporate form. *Int'l Millenium Consultants, Inc. v. Taycom Bus. Solutions, Inc.*, 692 F.Supp.2d 733, 746 (E.D. Mich. 2010) (quoting *United States v. Cordova Chemical Co. Of Mich.*, 59 F.3d 584, 597 (6th Cir. 1995) (Ryan, J. dissenting)).

Analyzing the bases for piercing the corporate veil is an intensively fact specific activity, and highly dependent upon the equities of the situation. Courts have considered such factors as the

6

undercapitalization of the corporation, the utilization of separate books, the maintenance of separate corporate and personal finances, the use of the corporation to support the fraudulent activity or illegality, the use of the corporation as an artificial shield or sham, and whether corporate formalities were honored. *Int'l Union United Auto., Aerospace and Agric. Implement Workers of Am. v. Aquirre*, 410 F.3d 297, 302-3 (6th Cir. 2005). Applying these factors to the case at hand, Younes argues that his corporation was a profitable and adequately capitalized entity that maintained separate books and separate accounts from his personal assets. He also denies in his affidavit that the Younes Corp. was used to commit any act of fraud, pointing out that he did not have any personal involvement with the counterfeit handbags or their sale which was conducted solely through the corporation. Finally, Younes maintains that the Younes Corp is a separate entity from his personal affairs, owned by him but managed on a day to day basis by Mallah, and, as such, he did not maintain any alter ego relationship with his corporate life.

However, Coach - in responding to this defense - asserts that the standard for determining whether the corporation was used to commit a fraud is inappropriate at a summary judgment stage. Rather, because the question of whether Younes intentionally used the corporation to commit a fraud is a question for the jury. Furthermore, Coach noted that Younes' assertion that his corporation was not used to commit fraud was self-serving and based solely on his own testimony. As such, it is a question for the jury to decide the credibility of these statements when determining whether a fraud was committed in establishing the facts of the case. Similar argumentation can also be applied to analyzing whether corporate formalities were indeed applied and in determining whether the Younes Corp. was a sham. As the only evidence presented is Younes' own affidavit, the credibility of his testimony is a genuine issue of a material fact that a jury should decide. Therefore, this Court denies

Younes' request for an entry of summary judgment in his favor regarding the count of piercing the corporate veil.

IV.

For the reasons set forth above, Younes' motion for partial summary judgment is denied. (ECF 25). Hence, a summary judgment is denied as to Younes' personal liability which is related to those counts which allege violations of the *Lanham Act*, unfair competition, and piercing the corporate veil. Furthermore, Younes does not appear to be seeking the entry of a summary judgment on those remaining claims that pertain to allegations of copyright infringement under the Copyright Act, violation of the Michigan Consumer Protection Act, common law copyright infringement, and unjust enrichment. To the extent that Younes is seeking to obtain a summary judgment on any of these above issues, he has failed to (1) identify those portions in the record, and (2) demonstrate the absence of any genuine issues of a material fact, his request for a summary judgment is denied.

IT IS SO ORDERED.

Date: October 5, 2012                    s/Julian Abele Cook, Jr.
                                         JULIAN ABELE COOK, JR.
                                         U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 5, 2012.

                                         s/ Kay Doaks
                                         Case Manager